UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN E. THOMPSON,

               Petitioner,

      -against-

WILLIAM KEYSER, SUPERINTENDENT,

               Respondent.

20-CV-3783 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

     Petitioner Benjamin E. Thompson, currently incarcerated in Sullivan Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, challenging his November 7, 2003 conviction in the New York State Supreme Court, Bronx County. By order dated August 10, 2020, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP). The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

     The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se*

litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this petition, seeking to challenge his November 2, 2003 conviction for attempted robbery in the second degree. He was sentenced to "6 years, followed by 5 years post release supervision." (ECF No. 2 at 1.)[1] Petitioner seeks to be released.

A review of the records of the New York State Department of Corrections and Community Supervision reveals that in 2010, Petitioner was convicted of attempted robbery in the first degree in Suffolk County, and that he is currently in custody pursuant to that conviction, serving a sentence of 16 years to life. *See* http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ1/WINQ000.

## DISCUSSION

The United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed.").

Petitioner brings this petition to challenge his November 2, 2003 Bronx County conviction, but he is not in custody pursuant to that conviction. Petitioner is currently

---

[1] Page numbers refer to those generated by the Court's electronic filing system.

incarcerated pursuant to his 2010 Suffolk County conviction. Because Petitioner has completely served the sentence for the November 2, 2003 conviction, and he is currently incarcerated pursuant to a 2010 Suffolk County conviction, he is not in custody pursuant to the November 2, 2003 judgment he seeks to challenge. Thus, the Court has no jurisdiction over this matter and must therefore deny the petition.

## CONCLUSION

The Clerk of Court will mail a copy of this order to Petitioner and note service on the docket.

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2254, is denied. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

SO ORDERED.

Dated:   September 2, 2020
        New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.