UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BENJAMIN E. THOMPSON,

                Petitioner,

        -against-

WILLIAM KEYSER, SUPERINTENDENT,

                Respondent.

20-CV-3783 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

    Petitioner, appearing *pro se*, filed this petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, challenging his November 7, 2003 conviction in the New York State Supreme Court, Bronx County. On September 2, 2020, the Court denied the petition because Petitioner had completely served the sentence for the November 2, 2003 conviction he challenges in this petition, and he is no longer in custody pursuant to that conviction.[1] On September 21, 2020, Petitioner filed a "Motion to Reargue Under C.P.L.R. 2221(a)(2)(d)(2) Invoking Fed. R. Civ. Pro. 60(b)(4) Through U.D.C.A. 2102," challenging the September 2, 2020 order denying his petition.

    The Court liberally construes this submission as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the

---

[1] Petitioner is currently incarcerated pursuant to a 2010 Suffolk County conviction.

amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted). After reviewing the arguments in Petitioner's submission, the Court denies the motion.

### DISCUSSION

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)); *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

Attached to his motion for reconsideration, Petitioner includes the first page of a CPL § 440.10 decision from the Supreme Court of the State of New York, County of the Bronx: Part 28. (ECF No. 8 at 7.)[2] In this decision, that court noted the following:

> On November 7, 2003, defendant was sentenced, on his plea, as a second violent felony offender, to a determinate term of six years in prison to be followed by five years of post-release supervision. Defendant did not appeal this conviction.

---

[2] Page numbers refer to those generated by the Court's electronic filing system.

>Defendant served his entire sentence, including his post-release supervision, which expired on July 10, 2014.
>Defendant is currently serving a prison sentence of sixteen-years-to-life, as a mandatory persistent violent felony offender, following his guilty plea to Attempted Robbery in the First Degree in a 2010 Suffolk County case.

*Id.*

Although Petitioner's motion is not the model of clarity, this decision attached to his motion makes clear, as the Court indicated in its September 2, 2020 order, that Petitioner is not in custody pursuant to the November 7, 2003 conviction he seeks to challenge. This Court therefore does not have jurisdiction over this matter because United States district courts have jurisdiction to entertain petitions for *habeas corpus* relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a); *see also Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016) ("In order for a federal court to have jurisdiction over a *habeas* petition, the petitioner must be 'in custody pursuant to the judgment of a State court' at the time that petition is filed."). Should Petitioner wish to challenge the 2010 Suffolk County conviction, for which he is currently incarcerated, he may file a petition for a writ of *habeas corpus*, under 28 U.S.C. § 2254, in the United States District Court for the Eastern District of New York.[3]

---

[3] A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under § 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

In order to exhaust any issues for purpose of *habeas corpus* review, Petitioner must appeal his judgment of conviction to the New York State Supreme Court, Appellate Division. N.Y. Crim. P. L. § 460.70. Should that court's decision adversely affect Petitioner, he should then seek leave to appeal to the New York Court of Appeals, the highest state court. *Id.* at § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). Should Petitioner raise for *habeas corpus* relief any grounds raised in N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp.

Petitioner has failed to demonstrate in his motion that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. Petitioner's motion under Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is therefore denied.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to allege facts demonstrating that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief."

---

2d 233 (S.D.N.Y. 2000).

4

*Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (*per curiam*) (citation omitted). Petitioner has failed to allege any facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

## CONCLUSION

Accordingly, Petitioner's motion for reconsideration (ECF No. 8) is denied.

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   September 23, 2020
         New York, New York

                                            _____
                                                 Louis L. Stanton
                                                    U.S.D.J.